**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SCOTT
                    Plaintiff,                                    Case No. 19-12655
v.
                                                                 Honorable Nancy G. Edmunds
INTER-CON SECURITY SYTEMS,
INC.,
SCOTT MILLER, and
JULIE WASILEWSKI

                    Defendants.
_____/

**ORDER GRANTING DEFENDANTS'**
**<u>MOTION TO DISMISS [22]</u>**

        This is an employment discrimination action initiated by Plaintiff Kevin Scott

against his former employer, Defendant Inter-Con Security Systems, Inc. ("Inter-Con")

and his alleged former supervisors Defendants Scott Miller and Julie Wasilewski. (ECF

No. 1.)  Plaintiff, an African American man, claims Defendants discriminated against him

by firing him while allowing a white coworker accused of the same conduct to voluntarily

resign.

        Pending before the Court is Defendants Miller and Wasilewski's motion to dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction

and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

(ECF No. 22.)  Plaintiff opposes the motion. (ECF No. 25.)  The Court finds that the

decision process would not be significantly aided by oral argument.  Therefore, pursuant

to Eastern District of Michigan Local Rule 7.1(f)(2), Defendants' motion will be decided

on the briefs and without oral argument.  For the reasons set forth below, Defendants'
motion is **GRANTED**.

## I.    Background

Plaintiff was employed by Defendant Inter-Con as a security officer at a passport
agency between 2010 and 2019.  According to the complaint, Inter-Con paid Plaintiff's
salary and provided other benefits associated with employment.

Plaintiff alleges that the individual defendants, Scott Miller and Julie Wasilewski,
exercised supervisory authority over him and were "employed by Defendant Inter-Con."
However, an affidavit submitted in connection with Defendants' removal of Plaintiff's
concurrent state Court action to this Court establishes that Miller and Wasilewski were
employed by the United States government, not Inter-Con.  Plaintiff does not dispute this
fact but contends in his response brief that Miller and Wasilewski were nevertheless
"acting as agents for Inter-Con in their control of Plaintiff's day to day operations."

On February 1, 2019, Plaintiff and his coworker, Steven Agar, were assigned to
accompany a group of contractors who were rehabbing certain water damaged portions
of the passport agency premises.  Plaintiff and Agar were required to be present for the
duration of the work because the agency was designated as a "secure area."  Plaintiff
escorted the contractors out of the building when their work was complete for the day.

On February 4, 2019, Plaintiff was confronted by a non-party named Lieutenant
Smellie.[1]  Lt. Smellie accused Plaintiff of disobeying a direct order to "call the side door
area immediately" when the contractors left the premises on February 1.  Lt. Smellie then

---

[1] Lt. Smellie's relationship to Plaintiff is not explicitly stated in the complaint, but he appears to be one of
Plaintiff's former superiors.

showed Plaintiff an apparently negative report from Defendant Miller, pointing at a screen and saying, "look at what [Defendant] Director Scott Miller wrote about you."

According to the complaint, Miller and Wasilewski concluded that Plaintiff "abandoned his job duties and left early" during his shift on February 1. Plaintiff claims that Defendants' conclusion was incorrect, that he "performed all of his duties in a timely, secure fashion" that day, and that he left the premises when his shift ended. Plaintiff alleges this misunderstanding could have been corrected if Miller and Wasilewski reviewed the security camera footage from that day, but that both defendants failed to do so. Plaintiff further alleges that Miller and Wasilewski ordered him to "sign documents [that] were not truthful."

On February 15, 2019, Lt. Smellie provided Plaintiff with a piece of paper explaining that Plaintiff was being fired for "falsification." Plaintiff requested a copy of the termination document, but Lt. Smellie allegedly refused. Inter-Con later provided Plaintiff a partial copy of the document with the portion listing the reason for termination excluded. Plaintiff's request for a copy of an email that Miller sent to Lt. Smellie—which Plaintiff asserts "prompted the investigation" that led to Plaintiff's firing—was also denied. Plaintiff further asserts that security tapes from his shift on February 1 would prove that his termination was meritless. But he claims that Inter-Con only agreed to let him review the footage if he travelled to Washington, D.C. at his own expense.

On March 1, 2019, Plaintiff was formally terminated. As a result, his security clearance, which allowed him to carry a gun and access certain employment opportunities not otherwise available, was revoked. Plaintiff is African American. Plaintiff claims Agar, who is white and held the same job as Plaintiff, was accused of the same conduct (*i.e.,*

falsification), but was permitted to voluntarily resign and retain his security credentials. Plaintiff claims he was not afforded the same opportunity to resign voluntarily and was therefore subjected to discriminatory treatment.

On these facts, Plaintiff filed an action in this Court accusing Defendant Inter-Con of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Count I) and in violation of the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§ 37.1101 et seq (Count II).  Plaintiff also asserts a claim of "negligent hiring/supervision" under Michigan common law against Inter-Con for its employment and retention of Miller and Wasilewski (Count III).  Defendants Miller and Wasilewski are named as defendants in connection with the ELCRA claims, but not the Title VII or negligence claims.

On October 23, 2019, this Court declined jurisdiction over Plaintiff's state law claims (Counts II & III), retaining only the Title VII claim asserted against Inter-Con. (ECF No. 5.)  Plaintiff then brought the state law claims in the Wayne County Circuit Court against Defendants Inter-Con, Miller, and Wasilewski. (Case No. 2:20-cv-10228, ECF No. 1, 1-1.)  Upon certification that Miller and Wasilewski are federal government employees acting in the scope of their employment, Defendants removed the state court petition back to federal court under 28 U.S.C. § 1442(a)(1).[2] (*Id.*)  By stipulation and order, both cases

---

[2] Plaintiff has not amended his complaint to reflect that Miller and Wasilewski are federal employees, rather than employees of Inter-Con.  However, Defendant's removal of Plaintiff's state court claims—and this Court's jurisdiction over the state law claims—is predicated on Miller and Wasilewski's status as federal employees.  Plaintiff did not challenge removal and concedes in his response brief that "Defendants are correct that they are in fact employees of the United States government[.]" (ECF No. 25 PgID 105.)  The Court will therefore treat it as undisputed that Miller and Wasilewski are employed by the State Department rather than Inter-Con.

were consolidated in this action pursuant to Federal Rule of Civil Procedure 42(a). (ECF No. 20.)[3]

As a result of this procedural posture, the only active claim asserted against Defendants Miller and Wasilewski is Plaintiff's claim for violations of the ELCRA (Count II). In his response to Defendants' motion to dismiss, Plaintiff also contends that Miller's and Wasilewski's behavior constitutes "negligent management" and "tortious interference with Plaintiff's employment contract[.]" Plaintiff asserts that Miller and Wasilewski (and/or the United States) should therefore be liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq. Plaintiff, however, has not moved to amend his complaint to add these putative claims. And Defendants submit an affidavit establishing that Plaintiff has not filed an administrative claim with the federal government, which is a prerequisite to any FTCA action. (ECF No. 26-2.)

## II.    Standard of Review

Defendants' motion rests on two procedural grounds, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In this situation, the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true

---

[3] The stipulation also waived any Title VII claims against Wasilewski, although, as noted above, the complaint does not name her as a party to the Title VII count.

and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.* (citations and emphasis omitted). Defendants here assert a factual attack on this Court's subject matter jurisdiction.

Defendants also argue that even if the Court has jurisdiction over this matter, Plaintiff has failed to state a claim under Rule 12(b)(6). "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank*, 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   Analysis

Count II of the complaint—Violation of Michigan's Elliot-Lawson Civil Rights Act—is the only claim asserted against Defendants Miller and Wasilewski. Because they are both federal employees, Miller and Wasilewski argue that they are entitled to sovereign immunity. Alternatively, they contend Plaintiff fails to state a claim under ECLRA because Title VII preempts state law discrimination claims against the federal government and its officers.[4]

Plaintiff does not state in his complaint whether Defendants were acting in their individual or official capacities. Further, although the government certified that Miller and

---

[4] The parties also dispute whether Plaintiff was an "employee" of either defendant, a necessary element to state a claim under ELCRA or Title VII. However, determination of this issue is unnecessary to resolve this motion.

Wasilewski were acting in the scope of their employment, such certifications are not conclusive. *See Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008). The issue of whether a federal employee was acting within his or her scope of employment is instead a question of law that is resolved by applying the agency law of the forum state. *Id.* However, such an analysis is unnecessary here. Plaintiff's claims against Miller and Wasilewski in their official capacities are barred by sovereign immunity and are pre-empted by Title VII to the extent that they charge either defendant with misconduct in their individual capacities.

### A.    Sovereign Immunity

"The United States as a sovereign is immune from suit for money damages unless it unequivocally has waived such immunity." *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002) (citation omitted). Sovereign immunity extends to the federal government as well as "officers and agents of the United States in their official capacities." *Id.* (citations omitted). A court is therefore deprived of subject-matter jurisdiction over claims against the federal government or its officers unless the plaintiff demonstrates that the United States has waived its immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Although "it is clear that Congress has waived sovereign immunity for discrimination actions brought against the federal government[]" through Title VII, *Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013), that law is considered the "exclusive judicial remedy for claims of discrimination in federal employment." *Id.* (quoting *Steiner v. Henderson*, 354 F.2d 432, 434 (6th Cir. 2003)); *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). Because of this exclusivity, Title VII does not constitute a waiver of sovereign immunity for state law discrimination claims. *See Clement v. Motta*, 820 F.

Supp. 1035, 1037 (W.D. Mich. 1991) (dismissing federal employee's ELCRA claim against Secretary of Agriculture for lack of subject-matter jurisdiction because state law discrimination claims are preempted by Title VII).

Turning to the matter before the Court, Miller and Wasilewski are federal employees and are therefore protected by sovereign immunity while acting in their official capacities. Plaintiff does not identify a waiver of sovereign immunity for his ELCRA claim in the complaint. Moreover, such a waiver does not appear to exist due to the exclusivity of Title VII. Accordingly, Plaintiff's ELCRA claims against Miller and Wasilewski in their official capacities are barred by sovereign immunity.

In his response brief, Plaintiff argues that Defendants' behavior also supports claims for negligent management and tortious interference with employment contract under Michigan law, therefore exposing the United States to liability through the Federal Tort Claims Act ("FTCA"). The FTCA provides that "[t]he United States shall be liable… in the same manner and to the same extent as a private individual under like circumstances" for certain state law tort claims. 28 U.S.C. § 2674. Plaintiff asserts that even if his ELCRA claim is barred, the federal government has waived its immunity to his putative state law claims under the FTCA.

The FTCA has two jurisdictional requirements that are relevant to the matter before the Court. First, as the Sixth Circuit has noted, "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). Accordingly, "[f]ailure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction." *Id.* (citations omitted). Second, the FTCA

requires that a tort claim against the United States or its officers first be presented in the form of an administrative claim to the "appropriate federal agency." 28 U.S.C. § 2675(a). A plaintiff may only bring an FTCA claim in federal court six months after filing an administrative claim with the responsible agency or after a "final denial" of that claim, whichever comes first. *Id.* The administrative claim prerequisite is crucial to this Court's jurisdiction; "[i]f a plaintiff fails to exhaust his or her administrative remedies before filing a suit, then the court lacks subject matter jurisdiction and cannot proceed." *Sherman v. United States*, 48 F. Supp. 3d 1019, 1023 (E.D. Mich. 2014).

Plaintiff fails to satisfy either of these jurisdictional requirements. Because the United States is the only appropriate named party in an FTCA suit, Miller and Wasilewski's presence alone deprives this Court of jurisdiction. Further, there is no indication from the fact of the complaint that Plaintiff has filed an administrative claim with Department of State. Thus, even if Plaintiff were permitted to amend his complaint to include his proposed state law tort claims and name the United States as a party, this Court would still lack jurisdiction because of Plaintiff's failure to exhaust his administrative remedies.[5] Therefore, to the extent that Plaintiff is suing Miller and Wasilewski in their official capacities, his claims must be dismissed for lack of subject-matter jurisdiction.

B.    Title VII Exclusivity

The sovereign immunity issue is not dispositive in this matter, as sovereign immunity only extends to federal officials sued in their official capacity, *see Blakely*, 276 F.3d at 870, and Plaintiff has not specified the capacity in which he intends to sue either

---

[5] The Court also notes that it would lack jurisdiction over Plaintiff's tortious interference claim even if Plaintiff had exhausted his administrative remedies, as § 2675(h) of the FTCA specifically excludes the waiver of sovereign immunity for claims "arising out of... libel, slander, misrepresentation, deceit, or *interference with contract rights*." (emphasis added).

defendant.  The Court now considers whether either defendant could be liable in their personal capacities in connection with Plaintiff's ELCRA claim.[6]

As noted, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown*, 425 U.S. at 835.  Title VII is therefore "both exclusive and preemptive of state law claims," including ELCRA claims, when a plaintiff alleges race discrimination by the federal government. *Burrows v. Henderson*, 7 Fed App'x 472, 474 (6th Cir. 2001) (citing *Brown*, 425 U.S. at 829).  Although the Sixth Circuit has not directly addressed the issue, a district court in the Western District of Michigan observed that "*Brown*'s broad language on preemption and exclusivity has been construed as prohibiting suits not only against federal agencies or departments as individual defendants, but also against other federal officials in their official or individual capacities." *Clement*, 820 F. Supp. at 1038 n.5 (collecting cases).

In what appears to be the only case in within the Sixth Circuit to address the issue directly, the district court in *Mallekoote v. Marsh*, No. 1:89-CV-788, 1991 WL 502985, *4 (W.D. Mich. Sept. 27, 1991) held that Title VII's exclusivity extended to individual and official capacity suits alike.  In *Mallekoote*, a plaintiff brought claims for discrimination in violation of ELCRA and Title VII against her former supervisor, as well as a Title VII claim against their mutual employer, the Army Corps of Engineers. *Id.* at *1.[7]  In determining whether the supervisor could be sued in his individual capacity, the court cited reasoning from the Ninth Circuit that "*Brown* did not distinguish between a suit against the government or its individual employees" and that "allowing additional individual remedies

---

[6] Because the only proper Defendant in an FTCA suit is the United States, Plaintiff's FTCA theory is inapplicable to an individual capacity claim.

[7] The plaintiff in *Mallekoote* also brought claims against her supervisor for intentional infliction of emotional distress and relation, which were ultimately dismissed along with the ELCRA claim. *Id.*

would interfere with [Title VII's] carefully devised scheme by permitting circumvention of administrative remedies." *Id* at *4. (quoting *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916–17 (9th Cir.1981)). The *Mallekoote* court followed the approach of the Ninth Circuit and most other courts to consider the issue, holding that Title VII barred ELCRA and other state law claims asserted against the plaintiff's former supervisor in his individual capacity. *Id.*

Here, the Court is persuaded by the majority approach identified in *Mallekoote* and *Clement*. The lone cause of action asserted against Miller or Wasilewski in the complaint is discrimination in violation of ELCRA. Because Miller and Wasilewski are federal officials, Plaintiff's exclusive remedy falls under Title VII and his ELCRA claim is therefore barred. Thus, to the extent that Plaintiff asserts ELCRA violations by Miller and Wasilewski in their individual capacities, Plaintiff fails to state a claim on which relief can be granted.

## IV. Conclusion

For the reasons set forth above, Defendants Miller and Wasilewski's motion to dismiss is **GRANTED**, and Plaintiff's claims against Defendants Miller and Wasilewski are hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 3, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2020, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager